IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 1:16cr209 |
| SHANNON MARIE SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED STATES' RESPONSE TO
DEFENDANT'S SECOND MOTION FOR
REVIEW/RECONSIDERATION OF DETENTION**

The United States hereby opposes defendant Shannon Sanchez's second Motion for Review/Reconsideration of Detention. At this point, there have been two prior hearings and two findings that this defendant is both a danger to the community and a risk of non-appearance. With absolutely no new evidence to present – only new, legally immaterial arguments and some of the same arguments – the defendant is again seeking review. For the same reasons previously argued, defendant Sanchez presents a serious risk of flight and a danger to the community. Thus, her continued detention is warranted pursuant to 18 U.S.C. § 3142(e), and the defendant's motion should be denied without further hearing. In support thereof, the government states as follows:

1.   The defendant was indicted on December 13, 2016, and arrested two days later on December 15, 2016. She is charged with being an accessory after the fact in the kidnapping resulting in death of Carlos Otero-Henriquez. If convicted, the defendant faces a maximum penalty of fifteen years of imprisonment. 18 U.S.C. §§ 3, 1201(a). (Otherwise, the advisory

1

Guidelines range would exceed the statutory maximum. *See* U.S.S.G. §§ 2X3.1, 2A4.1(c), 2A1.1). Thus, this defendant is charged with a serious offense that carries a serious penalty.

2. On December 20, 2016, a detention hearing was held. After hearing the evidence and argument from both the United States and the defense, United States Magistrate Judge Michael S. Nachmanoff ruled that the defendant was both a risk of flight and a danger to the community.

3. On December 30, 2016, the defendant filed a Motion for Review of Detention with this Court. *See* Dkt. No. 78.

4. On January 13, 2017, this Court conducted a lengthy hearing on the matter. At the hearing, defense counsel proffered evidence, cross-examined Detective John Mocello, and put forward many of the same arguments that he asserts in this second motion for review—that the defendant does not have a criminal record, that she has lived in the area her whole life, and that she is a mother. At the hearing, the government presented ample evidence of the defendant's false statements to pretrial services and law enforcement, her own MS-13 membership, her recent violent and threatening activity, and her own obstructive behavior. At the conclusion of the hearing, the Court found that there was no condition or combination of conditions to ensure the safety of the community or the defendant's appearance at trial.

5. There has been no legally relevant change in the defendant's circumstances since her last motion for reconsideration that warrants revisiting the Court's prior determination. The only intervening development is that the Court has set the defendant's matter for trial in February 2018. But the decision of whether to release or detain a defendant is based solely upon the defendant's risk of non-appearance or danger to the community –not the duration of time before trial. *See United States v. Orena*, 986 F.2d 628, 630 (2nd Cir. 1993) (holding that postponement

of trial date did not constitute new circumstance justifying release under Bail Reform Act and stating "there is no statutory basis for the conclusion that length of pretrial detention warrants the granting of bail where there has been a finding of danger to the community."). All of the factors that previously caused this Court to find that this defendant is a risk of non-appearance and a danger to the community are still present now, and it is these factors that control the detention determination.

6.     In her motion, the defendant makes much of the fact that her detention has had a negative impact on her children. However, such consequences are an unfortunate reality for every family with a loved one in custody. Negative impacts upon the family are not a basis for release where the Court finds that a defendant poses a risk of non-appearance and a danger to the community, as the Court has done here.[1]

7.     Several of the factual representations upon which the defendant relies in her latest motion are simply wrong. For instance, Detective Mocello did not testify that he knew the defendant would not flee. The detective testified rather that he *told* the defendant he did not believe she would flee when he was interviewing her and attempting to obtain a statement. After she left her Virginia residence after the search warrant was executed, the defendant lied to this same detective about her whereabouts and how to contact her. Defense counsel also contends that the defendant is not a member of the gang. However, the Court heard testimony that the

---

[1] A bond decision cannot be based on the best interests of the children. Even if it was, it is not clear that this defendant would have the better of this argument. This Court heard evidence that the defendant raised her four young children in the same residence that the defendant herself described as the "gang house." She raised them in the same home where she allowed other MS-13 members, including her co-defendants, to congregate and where there was so much gang activity that law enforcement installed a pole camera prior to the initiation of this investigation. In addition, it was one of her co-defendants – who frequented both the defendant's Virginia residence and then the residence in Maryland – that had an inappropriate relationship with one of her minor children.

defendant admitted as much in her interview.  In the same interview, the defendant also admitted that she had recently tried to stab a co-defendant with a knife.

8.   Lastly, defense counsel's claim that the United States wants the defendant held "because they hope that by keeping her away from her kids that she may just simply plead guilty or try to cut a deal to be reunited with her children," Def. Mot. at p. 5, is nothing more than counsel's own unsupported accusation of a bad faith motive.  The mere suggestion is simply absurd.

9.   For these reasons, and all of the previous reasons stated, this defendant remains a risk of non-appearance and danger to the community, and there is no condition or combination of conditions that can adequately address those concerns.

WHEREFORE, the United States respectfully submits that the Court should deny the defendant's second Motion for Review/Reconsideration of Detention.  Given that the defendant is not offering any additional evidence, and the Court has already held a lengthy hearing on the issue, the United States respectfully asks that the motion be denied without further hearing.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:  _____/s/_____ \_
Patricia T. Giles
Tobias D. Tobler
Assistant United States Attorneys
United States Attorney's Office
Justin Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the defendant's attorney.

/s/
Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: Patricia.Giles@usdoj.gov