UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:16cr209 |
| v. | ) | |
| | ) | The Honorable Liam O'Grady |
| LELIS TREMINIO TOBAR, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO
MOTION TO SET REASONABLE DISCOVERY DEADLINES**

COMES NOW the United States of America, by and through undersigned counsel, and

responds to defendant Lelis Treminio Tobar's Motion to Set Reasonable Discovery Deadlines.

To date, defendants Centeno, Sanchez, Flores, and Guadron-Rodriguez have filed motions to

adopt this motion.    In the motion, the defendants request the following discovery deadlines: 1)

the government provide any Spanish to English translations of phone calls, recordings, and

other communications sixty (60) days prior to trial; 2) the government provide summaries of

forensic expert testimony sixty (60) days prior to trial; 3) both sides produce *Jencks* materials

thirty (30) days prior to trial; and 4) the government provide *Bruton* redactions of any

statements made by any defendants sixty (60) days prior to trial.   While the United States does

not oppose setting discovery deadlines in this case, it does oppose the deadlines offered by the

defendants because they are not reasonable and far exceed the requirements under Rule 16, the

*Jencks* Act, or any other legal authority.    Accordingly, the defendants' motion should be

denied.

1

<u>Translations of Phone Calls, Records, and Other Communications</u>

The defendants ask the Court to require the government to provide any Spanish to English translations of phone calls, recordings, and other communications sixty (60) days prior to trial.   By requesting these translations, the defense is essentially asking for the government's exhibits and a forecast of the evidence it will introduce at trial.   Not only is there no legal authority for the defendants' request, but it is actually contrary to established authority that provides that defendants are not entitled to pretrial disclosure of the government's exhibit list nor a roadmap of the government's case.   *See United States v. Anderson*, 481 F.2d 685, 694 (4th Cir. 1973) ("Rule 16 does not require the prosecution to disclose all the minutia[e] of its evidence, to reveal its trial strategy, and to delineate with total specificity the case it intends to present." (internal quotation marks omitted)).

The defendants claim that there are "tens of thousands of other document production." Def. Mot. at p. 2.   As an initial matter, the government has not produced ten thousand documents in this case, let alone tens of thousands.   However, the government's obligations under Rule 16 are not contingent on the number of documents.   *See, e.g., United States v. Prince*, 618 F.3d 551, 561–62 (6th Cir. 2010) (upholding district court decision not to require government to identify exhibits it intended to introduce at trial from among 70,000 pages of discovery materials); *United States v. Reddy*, 190 F. Supp. 2d 558, 571–72 (S.D.N.Y. 2002) (denying motion to compel government to designate evidence it intended to use at trial where government had produced over 250,000 documents).

Even in a past case where translations were contested, this Court rejected a similar

request to require the government to produce an index of calls and any translations sixty days in advance of trial.   *See United States v. Pedro Anthony Romero Cruz*, Criminal No. 1:14cr306, *September 18, 2015 Order* (DE #489), at pp. 6-7 (J. Lee) (denying defendants' motion for index or designation of recorded telephone calls and transcripts, noting that the government agreed to provide court-certified transcripts when the parties exchanged exhibits, and stating that "[t]he Court will not require the Government to provide such a list, such transcripts, or its beliefs of who is speaking on the calls.").

Like in *Romero Cruz*, the government in this case has advised defense counsel that it will provide finalized transcripts of the items it intends to introduce at trial.   While the government is sensitive to budgeting issues of the defense, the government still must prepare its case.   Accordingly, the defendants' motion should be denied.

Expert Witness Disclosures

The defendants ask for any forensic experts along with summaries of their expected testimony and their expert reports be provided sixty days prior to trial and non-forensic expert ten days prior to trial.   In support, the defendants argue that this will give them full opportunity to ascertain whether they need forensic experts.   The defendants do not explain why they need sixty days to make the determination and why the 10-day timing in the standard discovery order would not be sufficient.   To date, the government has provided several forensic reports, including reports concerning DNA, fingerprints, trace, medical examination, and examination of electronic devices.   The United States will continue to provide reports as they are received. There is simply no basis or justification for the defendants to receive the information they are requesting sixty days prior to trial.   The government proposes that the date for expert

disclosures should be ten days before trial.   *But s*ee *Romero Cruz*, Criminal No. 1:14cr306, February 26, 2016 Order (DE #685) at pp. 2-3 (allowing for fifteen (15) days for expert disclosures).

*Jencks* Materials

The Court should reject the defendants' motion for disclosure of *Jencks* materials thirty (30) days prior to trial.   As alleged in the second superseding indictment, the defendants are all members or associates of MS-13, a violent street gang.   Members of MS-13 have been known to engage in violence in order to intimidate witnesses and also order the killing of those who cooperate with law enforcement.   In the interest of witness safety, the government vehemently opposes premature disclosure of *Jencks*.

The *Jencks* Act provides that the government need not produce any statement or report in its possession, made by a government witness, until after that witness has testified on direct examination.   *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.   The government respectfully submits that disclosure of *Jencks* material ten days prior to trial – a deadline well in advance of what the law requires – would allow ample time for defendants to make effective use of the information and would address witness safety concerns.

*Bruton* Redactions

The Court should also deny the defendants' requests that the government provide *Bruton* redactions of any statements made by any defendants sixty days prior to trial.   At this point, defendants are in possession of all co-defendants' statements and have been for months.   This Court set a date for the defendants to file motions in this case.   If a defendant has a motion with respect to a co-defendant's statement, he or she should make it.   The government is well-

4

aware of its requirements with respect to *Bruton* and will not illicit testimony where a defendant incriminated a co-defendant in a statement to law enforcement.   Accordingly, the defendants' motion should be denied.

## CONCLUSION

The government is aware of its discovery obligations and has complied, and will continue to comply, with those obligations.   For the reasons previously stated, the defendants' motion should be denied.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:   _____/s/_____
      Patricia T. Giles
      Tobias D. Tobler
      Morris R. Parker, Jr.
      Assistant United States Attorneys
      United States Attorney's Office
      Justin Williams U.S. Attorney's Building
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      703-299-3700

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2017,  I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.


_____/s/_____
Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3700
Fax: 703-299-3981
Email: Patricia.Giles@usdoj.gov